1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile:  (925) 939-0203

6  Attorneys for Defendants
   CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
7  FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
   and OFFICER STANTON

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL GAILEY, | Case No. C07-02426 JCS |
|---|---|
| Plaintiff, | **ANSWER TO COMPLAINT FOR DAMAGES** |
| vs. | |
| CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive , | |
| Defendants. | |

This answer is being submitted by Defendants CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON.

**DEMAND FOR TRIAL BY JURY**

Defendants demand a trial by jury.

**JURISDICTION**

1.  In answering paragraphs 1 and 2 of Plaintiff's complaint, these answering

ANSWER TO COMPLAINT FOR DAMAGES

1  Defendants neither admit or deny these allegations as they are matters of law and not appropriate
2  for admission or denial.

### PARTIES AND PROCEDURE

4    2.    In answering paragraphs 3 through 13 of Plaintiff's complaint these answering
5  Defendants respond as follows. At all times mentioned in the complaint, the City of Antioch was
6  a municipality within the State of California. At all times mentioned in the complaint, Chief
7  James Hyde was employed as the City of Antioch Chief of Police and Antioch Police Officers
8  Tom Fuhrmann, Kevin Kollo, Officer Koch and Officer Stanton were law enforcement officers
9  for the City of Antioch, acting within their course and scope of their employment with the City of
10 Antioch and acting under color of law. These answering Defendants deny the remaining
11 allegations in paragraphs 3 through 13.

### GENERAL ALLEGATIONS

13   3.    In answering paragraphs 14 through 22 of Plaintiff's complaint these answering
14 Defendants respond as follows. These answering Defendants admit that they along with other
15 members of the Antioch Police Department were dispatched to the Legends Bar & Grill location
16 in question on August 13, 2006, around 1:30 a.m., due to a complaint of patrons fighting and an
17 unruly crowd. These answering Defendants deny the remaining allegations in paragraphs 14
18 through 20.

### FIRST CAUSE OF ACTION

20   4.    In answering paragraphs 23 through 28 of Plaintiff's complaint, these answering
21 Defendants incorporate by reference their responses to paragraphs 1 through 22 of Plaintiff's
22 complaint.

23   5.    These answering Defendants deny the allegations in paragraphs 23 through 28 of
24 Plaintiff's complaint.

### SECOND CAUSE OF ACTION

26   6.    In answering paragraphs 29 through 36 of Plaintiff's complaint, these answering
27 Defendants incorporate by reference their responses to paragraphs 1 through 28 of Plaintiff's
28 complaint.

ANSWER TO COMPLAINT FOR DAMAGES        2

1    7.    These answering Defendants deny the allegations in paragraphs 29 through 36 of Plaintiff's complaint.

### THIRD CAUSE OF ACTION

8.    In answering paragraphs 37 through 39 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 36 of Plaintiff's complaint.

9.    These answering Defendants deny the allegations in paragraphs 37 through 39 of Plaintiff's complaint.

### FOURTH CAUSE OF ACTION

10.    In answering paragraphs 40 through 43 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 39 of Plaintiff's complaint.

11.    These answering Defendants deny the allegations in paragraphs 40 through 43 of Plaintiff's complaint.

### AFFIRMATIVE DEFENSES

1.    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2.    AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3.    AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

4.    AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

his Complaint herein was the sole proximate cause of the happening of the accident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5.   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to herself.

7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of her own conduct and omissions have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

8.   AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

9.   AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

ANSWER TO COMPLAINT FOR DAMAGES        4

1    10.    AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these
2 answering Defendants allege that they are immune from liability herein pursuant to the provisions
3 of California Government Code Sections 810 through 996.6.

4    11.    AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
5 these answering Defendants allege that they are not liable for exemplary or punitive damages
6 pursuant to California Government Code Section 818.

7    12.    AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
8 these answering Defendants allege that the alleged acts or omissions of the peace officers
9 complained of in the Complaint herein were based upon the peace officers' reasonable cause to
10 believe that the Plaintiff had committed a misdemeanor in the officers' presence and the officers
11 used reasonable force to effect the arrest, prevent the escape or overcome the resistance of said
12 plaintiffs; and Defendant are therefore immune by virtue of the provisions of Section 836.5(a) and
13 836.5(b) of the Penal Code.

14    13.    AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
15 these answering Defendants allege that at or about the time of the alleged event, the Defendants
16 were presented with and had in their possession sufficient facts to constitute probable cause for
17 the arrest of Plaintiff.

18    14.    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE
19 DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions
20 taken by the Defendants were reasonable under the circumstances and taken under a good faith
21 belief that the actions were not unlawful and Defendants are therefore immune under the "good
22 faith immunity" doctrine.

23    15.    AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
24 these answering Defendants allege that only such reasonable force as was necessary and lawful
25 under the circumstances was used by the Defendants.

26    16.    AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
27 these answering Defendants allege that the sole proximate cause of the injuries and damages, if
28 any, allegedly suffered by Plaintiff was the negligence and fault of others than these answering

ANSWER TO COMPLAINT FOR DAMAGES        5

1  Defendants or on the part of any person or entity for whose acts or omissions these answering
2  Defendants are legally or otherwise responsible.
3     17.   AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE
4  DEFENSE, these answering Defendants alleges that the matters complained of by Plaintiff, if
5  committed by Defendants, were consented to by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by way of her Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: June 14, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP


By: _____/s/_____
    James V. Fitzgerald, III
    Noah G. Blechman
    Attorneys for Defendant
    CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON

ANSWER TO COMPLAINT FOR DAMAGES    6