```
KERRY M. GOUGH (State Bar No. 039966)
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800
Facsimile: (510) 832-4601
Attorneys for Michael Gailey


JAMES V. FITZGERALD III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No.. 197167)
McNamara, Dodge, Ney, Beatty, Slattery,
Pfalzer, Borges & Brothers, LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203
Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive<br><br>　　　　Defendants. | Case No. C-07-02426 JCS ADR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: 8/10/07<br>TIME: 1:30 P.M.<br>DEPT: Courtroom A, 15th Floor, Honorable<br>　　　　Joseph C. Spero, Magistrate Judge |

1. <u>JURISDICTION AND SERVICE:</u>   Jurisdiction of this action is founded upon 28 USC §§1331 and 1343(a)(3) and (4); the action is brought pursuant to 42 USC §§1983 and 1988, and related state

1  civil rights laws. The incident at issue occurred in Antioch, California, within the Northern District of
2  California. All parties have been served, and there are no issues as to jurisdiction or venue.
3  2.   FACTS:  Plaintiff was present in a bar in Antioch, California, when Antioch police officers
4  entered at approximately 1:30 a.m. A disagreement arose whether Plaintiff should put down his beer
5  and leave the bar. Plaintiff alleges that the police struck him with their batons, lacerated his eye,
6  flattened him to the floor and arrested him, all without cause. Defendants deny these allegations, deny
7  that they struck him with batons, assert that his injuries were sustained when his head struck the floor.
8  They further assert that Plaintiff was drunk in public and aggressively confronted the officers, leading
9  them to believe that he was about to attack.

The Contra Costa County District Attorney's office did not file criminal charges against the
Plaintiff for this incident.

3.   LEGAL ISSUES: The principal legal issue or mixed issue of law and fact is whether the actions
taken by the officers were unjustified or were objectively reasonable under the circumstances. Plaintiff
contends there are additional issues, whether Defendants' actions were part of a pattern and practice of
harassing patrons at the bar, of tolerating the use of excessive and/or unjustified force, conducting
unreasonable arrests, and failing to properly train and supervise police officers.

4.   MOTIONS: There have been no motions to date and none are pending. Plaintiff intends to
request production of, and if necessary, bring a motion to obtain the personnel files of the officers and a
motion to obtain the non-privileged investigative report made by an outside agency.

5.   AMENDMENT OF PLEADINGS: Plaintiff does not intend at this time to seek to amend the
complaint. Defendants do not intend at this time to seek to amend their answer.

6.   EVIDENCE PRESERVATION.  Both Plaintiff and Defendants have copies of a surveillance
video DVD that shows a portion of the incident.

Plaintiff requests that Defendants preserve all tape recordings pertaining to the incident,
including dispatch tapes and the like, if available.

7.   DISCLOSURES:   The parties anticipate having made their initial disclosures prior to the
CMC. Plaintiffs disclosures will consist of lists of witnesses and copies of prints of some of the images
on the surveillance DVD, photographs of Plaintiff's injuries, and Plaintiff's medical records pertaining

1  to his injuries. Defendants disclosure will consist of the incident report. Plaintiff already has the
2  surveillance DVD in his possession.
3  8.  DISCOVERY:  No discovery has been conducted to date. Per Rule 26(f), the parties have
4  met and conferred on discovery. Plaintiff will depose the police officers, propound interrogatories and
5  seek production of investigative reports and personnel files. Third party witnesses will be deposed as
6  well.
7  Defendants intend to depose Plaintiff and any third party witnesses identified in the course of
8  discovery, propound interrogatories, request for admissions and to seek production of documents. Other
9  defense discovery is unknown at this juncture.
10  The discovery plan pursuant to Rule 26(f) is as follows:
11  Depositions of police officers and Plaintiff to be completed by October 31, 2007.
12  Deposition of third party witnesses to be completed by November 30, 2007.
13  Initial written discovery to be completed by October 31, 2007.
14  9.  CLASS ACTIONS:  Not applicable.
15  10.  RELATED CASES:  None.
16  11.  RELIEF: Plaintiff seeks damages for his personal injuries and deprivation of his civil rights. The
17  amount has not yet been ascertained..
18  12.  SETTLEMENT AND ADR:  The parties have agreed to mediate the case utilizing the Court's
19  ADR program. The joint ADR stipulation has been emailed to the ADR office.
20  13.  CONSENT TO MAGISTRATE JUDGE:  The parties have consented to Magistrate Judge Spero.
21  14.  OTHER REFERENCES:  Not applicable.
22  15.  NARROWING OF ISSUES:  Depends upon the discovery.
23  16.  EXPEDITED SCHEDULE: Given the number of witnesses to be deposed, this case is not
24  suitable for proceeding on an expedited basis.
25  17.  SCHEDULING: Proposed Dates as follows:
26
27
28  ///

Joint Case Management Statement, Gailey v. City of Antioch et al Case No. C07-02426 JCS ADR p. 3

| Event | Proposed Deadline |
|---|---|
| Deadline to add additional parties or claims | September 7, 2007 |
| Date of Next Case Management Conference | November 16, 2007 |
| Completion of fact/non-expert discovery | January 18, 2007 |
| Expert Disclosure Deadline | February 1, 2007 |
| Rebuttal Expert Disclosure Deadline | February 15, 2007 |
| Completion of Expert Discovery | March 17, 2008 |
| Last Day to hear dispositive motions | May 2, 2008 |
| File joint pre-trial conference statement | May 30, 2008 |
| Pre-Trial Conference (subject to Court's availability) | June 9, 2008 |
| Trial Date (subject to Court's availability) | July 21, 2008 |

18.  TRIAL: Trial will be to a jury. Expected Duration: 4-6 court days.

19:  NON PARTY INTERESTED ENTITIES OR PERSONS: None to the knowledge of parties and counsel.

20:  OTHER MATTERS: None at this time.

Dated: July 31, 2007          GOUGH & COMPANY

By: *See attached*
Kerry M. Gough
Attorneys for Plaintiff
MICHAEL GAILEY

Dated: July 31, 2007          MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH

| Event | Proposed Deadline |
|---|---|
| Deadline to add additional parties or claims | September 7, 2007 |
| Date of Next Case Management Conference | November 16, 2007 |
| Completion of fact/non-expert discovery | January 18, 2007 |
| Expert Disclosure Deadline | February 1, 2007 |
| Rebuttal Expert Disclosure Deadline | February 15, 2007 |
| Completion of Expert Discovery | March 17, 2008 |
| Last Day to hear dispositive motions | May 2, 2008 |
| File joint pre-trial conference statement | May 30, 2008 |
| Pre-Trial Conference (subject to Court's availability) | June 9, 2008 |
| Trial Date (subject to Court's availability) | July 21, 2008 |

18. **TRIAL**: Trial will be to a jury. Expected Duration: 4-6 court days.

19: **NON PARTY INTERESTED ENTITIES OR PERSONS**: None to the knowledge of parties and counsel.

20: **OTHER MATTERS**: None at this time.

Dated: July 31, 2007        GOUGH & COMPANY

                            By: /s/ Kerry M. Gough
                                Kerry M. Gough
                                Attorneys for Plaintiff
                                MICHAEL GAILEY

Dated: July 31, 2007        MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                            PFALZER, BORGES & BROTHERS LLP


                            By: _____
                                James V. Fitzgerald, III
                                Noah G. Blechman
                                Attorneys for Defendant
                                CITY OF ANTIOCH

Joint Case Management Statement, Gailey v. City of Antioch et al Case No. C07-02426 JCS ADR p. 4