KERRY M. GOUGH (State Bar No. 039966)
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800
Facsimile: (510) 832-4601
Attorneys for Michael Gailey

JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No.. 197167)
McNamara, Dodge, Ney, Beatty, Slattery,
Pfalzer, Borges & Brothers, LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive<br><br>Defendants. | Case No. C-07-02426 JCS ADR<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: November 16, 2007<br>TIME: 1:30 P.M.<br>DEPT: Courtroom A, 15th Floor,<br>JUDGE: Hon. Magistrate Joseph C. Spero, |

1. JURISDICTION AND SERVICE: There are no issues as to jurisdiction or venue.

2. FACTS: Plaintiff was present in a bar in Antioch, California, when Antioch police officers entered at approximately 1:30 a.m. A disagreement arose whether Plaintiff should put down his beer

and leave the bar. Plaintiff alleges that the police struck him with their batons, lacerated his eye, flattened him to the floor and arrested him, all without cause. Defendants deny these allegations, deny that they struck him with batons and assert that his injuries were sustained when his head struck the floor. Defendants further assert that Plaintiff was drunk in public and aggressively confronted the officers, leading them to believe that he was about to attack them.

3. LEGAL ISSUES: The principal legal issue or mixed issue of law and fact is whether the actions taken by the officers were unjustified or were objectively reasonable under the circumstances. Plaintiff contends there are additional issues such as whether Defendants' actions were part of a pattern and practice of harassing patrons at the bar, of tolerating the use of excessive and/or unjustified force, conducting unreasonable arrests, and failing to properly train and supervise police officers.

4. MOTIONS: There have been no motions to date and none are pending. Plaintiff has requested production of the personnel files of the officers and the non-privileged investigative report made by an outside agency. The parties have agreed to submit the personnel files of Sergeant Fuhrmann and Officer Kollo, but not Officer Joannides (as there is an issue of whether Joannides will be named as a Defendant) to the Court for review to determine what documents, if any, may be disclosed in response to Plaintiff's Request for Production of the Officers' Personnel files or such other files as may contain documents pertaining to complaints lodged against these officers. The parties are in the process of working out a stipulated protective order that will be submitted to Your Honor for approval and execution.

5. AMENDMENT OF PLEADINGS: Plaintiff has served officer Jason Joannides with the Complaint as, per Plaintiff, his identity as one of the officers who physically participated in the seizure of Plaintiff was only recently disclosed in discovery. Plaintiff will attempt to file an amendment substituting Joannides in place of Doe 2, though Defendants oppose any such filing. Per Defendant, Plaintiff's deadline to add new parties was on September 7, 2007, per the Court's August 14, 2007, order. Plaintiff has waived his opportunity to add additional parties so assuming Officer Joannides was recently served, he should not have to answer in this matter. Further, Officer Joannides has been an identified party involved in this incident at the time this lawsuit was filed. Officer Joannides drafted a police report of his involvement which Plaintiff has possessed prior to filing suit. Defendants will

oppose the naming of Officer Joannides as a Doe Defendant in this action due to the fact that the Court set a deadline of September 7th and Plaintiff failed to name and serve the officer prior that date nor seek leave of Court prior to that deadline. Plaintiff disputes the above assertion regarding when he received notice that Joannides was discovered to be a participant in the incident. Plaintiff requested the police report before filing the suit, but did not receive Officer Joannides'portion of the report, Supplement No. 4 until Defendants mailed their responses to Plaintiff's First Request for Production of Documents on Thursday, October 4, 2007, received by Plaintiff on or about Monday, October 8, 2007. That report contained only Officer Kollo's narrative which named only Kollo, Sgt Fuhrmann, Officer Koch and Officer Stanton as having been involved in the physical confrontation with Plaintiff. Now defendants assert that Kollo erred in listing Koch as having been involved and assert that Joannides, not Koch, was physically involved.

Prior to that date, Defendants had disclosed Joannides as one of 12 police officers "likely to have information relevant to disputed facts" in their Initial Disclosures faxed to counsel for Plaintiff on August 29, 2007, just 9 days before the purported last date to add new parties. Obviously, Plaintiff did not wish to serve all 12 officers based solely on the statement that they might have relevant information.

6. EVIDENCE PRESERVATION. The parties have preserved evidence and have disclosed such in initial disclosures and per discovery responses and production.

7. DISCLOSURES: The Parties have made their initial disclosures. Expert disclosures are not due until February 1, 2008, or later, per the requested modification listed below.

8. DISCOVERY: To date, Plaintiff has deposed bartender Jeremy Bryant and Officer Kollo. Defendants have deposed Plaintiff and Legends Bar bouncer Mike McMahon. Plaintiff intends to depose officers Fuhrmann and Joannides, and perhaps other members of the police department whose depositions may be required. In addition, several additional percipient witness depositions may be taken. As noted above, the personnel files of key defendants (Kollo, Fuhrmann, but not Joannides as he is not a party) are to be submitted to the court for an in camera inspection to determine what documents appear relevant to the issues and should be provided to plaintiff's counsel per a strict protective order which is being drafted by the parties. Whether Joannides personnel file is to be submitted to the Court pertains directly to whether or not he will be allowed to be added as a party in this matter.

The parties intend to depose any other third party witnesses identified in the course of discovery, propound interrogatories, request for admissions and to seek production of documents. Other defense discovery is unknown at this juncture, though Defendants may seek to have Plaintiff undergo an Independent Medical Examination via stipulation or order of the Court.

Per Plaintiff's request, with no opposition by Defendants, the discovery plan pursuant to the Court's order of August 14, 2007, needs to be modified to allow additional time for discovery. The parties seek to discuss this issue at the upcoming case management conference and/or hereby provides a proposed order modifying the current deadlines, especially since trial of this matter is not set until September 8, 2008.

9. CLASS ACTIONS: Not applicable.

10. RELATED CASES: None.

11. RELIEF: Plaintiff seeks damages for his personal injuries and deprivation of his civil rights. The amount has not yet been ascertained..

12. SETTLEMENT AND ADR: A mediation took place on October 29, 2007. A settlement was not attained.

13. CONSENT TO MAGISTRATE JUDGE: The parties are proceeding via Your Honor.

14. OTHER REFERENCES: Not applicable.

15. NARROWING OF ISSUES: Depends upon the discovery. Defendants seek dismissal of named Officer Koch as he was not involved in any way in the incident, as well as seek a dismissal of all *Monell* claims as there is no evidence to support any *Monell* claims. Plaintiff disputes that there is no evidence to support the Monell claims.

16. EXPEDITED SCHEDULE:This case is not suitable for proceeding on an expedited basis.

17. SCHEDULING: Scheduling remains as set forth in the court's order of August 14, 2007, though the parties jointly request **modification** of such order to allow for more time for fact discovery, as follows:

///

| **Event** | **Proposed Deadline** |
|---|---|
| Completion of fact/non-expert discovery | February 29, 2008 (Modified) |
| Expert Disclosure Deadline | March 28,2008 (Modified) |
| Rebuttal Expert Disclosure Deadline | April 11, 2008 (Modified) |
| Completion of Expert Discovery | May 2, 2008 (Modified) |
| Last Day to hear dispositive motions | June 13, 2008 (Modified) |
| Pre-Trial Conference | August 15, 2008 (Same) |
| Trial Date | September 8, 2008 (Same) |

18. TRIAL: Trial is set for September 8, 2008. It will be a jury trial and is expected to last approximately 4-6 court days.

19: NON PARTY INTERESTED ENTITIES OR PERSONS: None to the knowledge of parties and counsel.

20: OTHER MATTERS: None at this time.

Dated: November 1, 2007

GOUGH & COMPANY

By: [signature]
Kerry M. Gough
Attorneys for Plaintiff
MICHAEL GAILEY

Dated: November 1, 2007

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: ______________________

James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH

**ORDER**

The Court having read and considered the foregoing updated joint case management conference statement and good cause appearing, IT IS HEREBY ORDERED THAT the Case Management and Pretrial Order of the Court, dated August 14, 2007, is hereby modified as follows:

| **Event** | **Proposed Deadline** |
|---|---|
| Completion of fact/non-expert discovery | February 29, 2008 (Modified) |
| Expert Disclosure Deadline | March 28,2008 (Modified) |
| Rebuttal Expert Disclosure Deadline | April 11, 2008 (Modified) |
| Completion of Expert Discovery | May 2, 2008 (Modified) |
| Last Day to hear dispositive motions | June 13, 2008 (Modified) |
| Pre-Trial Conference | August 15, 2008 (Same) |
| Trial Date | September 8, 2008 (Same) |

Dated: ____________________

______________________
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE