KERRY M. GOUGH, State Bar No. 039966
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800

Attorneys for Michael Gailey

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, OFFICER JASON JOANNIDES, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive<br><br>　　Defendants. | Case No.<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiff, by and through his attorneys, GOUGH & COMPANY, for his First Amended Complaint against Defendants, alleges as follows:

AMENDMENT PER COURT ORDER

This First Amended Complaint is filed pursuant to the order of the Honorable Joseph C. Spero, Magistrate Judge, entered on November 16, 2007, and substitutes Officer Jason Joannides heretofore served herein as Doe 2 as a Defendant in the place and stead of Doe 2.

DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

JURISDICTION

First Amended Complaint for Damages for Violation of Civil Rights & Demand for Trial by Jury
Page 1

1. This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff Michael Gailey on August 13, 2006, in the City of Antioch, Contra Costa County, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

2. The events and/or omissions complained of herein occurred in Contra Costa County, California, and this action is properly assigned to the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff MICHAEL GAILEY is a resident of the State of California. Plaintiff GAILEY brings these claims in his individual, personal capacity.

4. Defendant CITY OF ANTIOCH is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Antioch Police Department, which employs the other defendants in this action.

5. Defendant JAMES HYDE (hereinafter CHIEF HYDE) at all material times was employed by the City of Antioch as Chief of Police of the Antioch Police Department, and was acting within the course and scope of that employment.

6. Defendants SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER JASON JOANNIDES, OFFICER KOCH and OFFICER STANTON at all material times were employed and acting as police officers by the Antioch Police Department, and were acting under color of law within the course and scope of that relationship.

7. The true names and capacities of Defendants sued herein as DOES 3-10 ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same

are ascertained. Each DOE defendant was an employee/agent of the Antioch Police Department, and at all material times acted within the course and scope of that relationship.

8. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, CHIEF HYDE and SERGEANT FURHMANN were at all material times responsible for the hiring, training, supervision, and discipline of the Antioch Police Officers who participated in the beating of Plaintiff, as hereinafter alleged.

9. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

10. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

11. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12. The acts and omissions of Defendants CHIEF HYDE, SERGEANT FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the Antioch Police Department.

13. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

GENERAL ALLEGATIONS

14. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

15. On August 13, 2006, Plaintiff GAILEY was a customer at the Legend's Cocktail Lounge

in Antioch, California.  At or about 1:35 a.m. Defendant police officers entered Legend's and without any legal cause or justification, ordered the patrons to put down their drinks and leave the Lounge.  When GAILEY questioned this illegal order, Defendant Officers with a willful and malicious disregard for Plaintiff's rights, knocked him to the floor and beat him with their batons and then falsely arrested and incarcerated him.

16.     At all times, Plaintiff behaved peacefully and lawfully.  Plaintiff never displayed any weapon, committed any crime, and never posed any threat to the safety of the officers or any other persons. Plaintiff never resisted arrest nor attempted to evade arrest by flight.

17.     The force used by Defendants against Plaintiff, including striking him repeatedly with their batons, was unjustified and objectively unreasonable under the circumstances.

18.     Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

19.     Defendants failed to properly and adequately investigate their officers' conduct in this matter, and did not commence an investigation until after they received notice of a claim against them on or about mid December, 2006.  Defendants otherwise failed to take appropriate action to train, discipline, and supervise Defendants SERGEANT FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10

20.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

21.     Defendants' actions were part of a pattern and practice of harassing patrons at Legends Cocktail Lounge by entering the bar before closing time and harassing the customers by ordering them to put down their drinks and leave, even though it is 15 to 30 minutes before closing time.  On at least one prior such occasion, when prior to closing time a patron stated that he was going to finish his drink, officers of the Antioch Police Department grabbed him forced him to the floor, handcuffed him and took him to jail.

21.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth

above, Plaintiff sustained the following injuries and damages, past and future, among others: wrongful forceful seizure, emotional distress; severe physical injuries by beating with batons or other objects, violation of constitutional rights.  All damages and penalties are recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

22.     Plaintiff filed a timely claim and timely filed his First Amended Claim pursuant to California Government Code section 910 et seq. with Defendant CITY ANTIOCH.

FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS
42 USC §1983

23.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

24.     By the actions and omissions described above, Defendants FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10 violated 42 USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a.     The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b.     The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

25.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 21 above.

26.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

27.     The conduct of Defendants FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10  entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law.

28.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and law.

SECOND CAUSE OF ACTION
AGAINST CITY OF ANTIOCH & DOES 1-10
42 USC §1983

29. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

30. On information and belief, the unconstitutional actions and/or omissions of Defendants JAMES HYDE, SERGEANT FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10, as well as other officers employed by or acting on behalf of Defendant CITY OF ANTIOCH, were pursuant to the following customs, policies, practices, and/or procedures of the Antioch Police Department which were directed, encouraged, allowed, and/or ratified by policy making officers for the CITY OF ANTIOCH and the Antioch Police Department:

    a. To use or tolerate the use of excessive and/or unjustified force, including the aiming of guns at individuals who do not pose a threat justifying such force;

    b. To engage in or tolerate unreasonable seizures;

    c. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning seizures and the use of force, including the use of batons and flashlights;

    d. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning enforcement of the laws and regulations regarding the serving and consumption of alcohol in public accommodations;

32. Defendants CITY ANTIOCH and CHIEF JAMES HYDE failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants SERGEANT FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10, and other Police Department personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

33. The unconstitutional actions and/or omissions of Defendants SERGEANT FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10 and other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the Antioch Police Department. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF

ANTIOCH and the Antioch Police Department, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF ANTIOCH and the Antioch Police Department have ratified and approved of the conduct of Defendants FUHRMANN, OFFICERS KOLLO, KOCH and STANTON and DOES 1-10 and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY OF ANTIOCH and the Antioch Police Department have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

34. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by and of Defendants CITY OF ANTIOCH and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

35. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

36. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF ANTIOCH and DOES 1-10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 39-42, above, and punitive damages against Defendants FUHRMANN, OFFICERS KOLLO, JOANNIDES, KOCH and STANTON and DOES 1-10 in their individual capacities.

### THIRD CAUSE OF ACTION
### VIOLATION OF STATE CIVIL CODE §§52.1 & 43 AND CONSTITUTION
### AGAINST ALL DEFENDANTS

37. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

38. By their acts, omissions, customs, and policies, each Defendant acting in

concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.    The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    d.    The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    e.    The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    f.    The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    g.    The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

39.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief, including all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

FOURTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA CIVIL CODE §§51.7
AGAINST ALL DEFENDANTS

40.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

41.    By their acts, omissions, customs, and policies, each Defendant acting in

concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §51.7 to be free from violence or intimidation by threat of violence on account of a defendants' perception that plaintiff suffered from a protected physical and mental disability.

42. Defendants perceived that Plaintiff was intoxicated, perceived that he was an alcoholic and based upon their perception of his disability, beat and jailed him.

43. As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiff sustained injuries and damages, and is entitled to relief, including all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a. compensatory in an amount according to proof and which is fair, just and reasonable;

    b. punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, and as otherwise may be allowed by California and/or federal law;

November   , 2007                GOUGH & COMPANY
                                     Counselors at Law

                                     _____
                                     Kerry M. Gough