JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
OFFICER STANTON and OFFICER JASON JOANNIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, OFFICER JASON JOANNIDES, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive,<br><br>Defendants. | Case No. C07-02426 JCS<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

This answer to Plaintiff's First Amended Complaint for Damages is being submitted by newly named and served Defendant OFFICER JASON JOANNIDES, named and served as DOE 2 herein. This answer is identical to that which was filed by Co-Defendants CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON.

///

JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
OFFICER STANTON and OFFICER JASON JOANNIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, OFFICER JASON JOANNIDES, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive ,<br><br>Defendants. | Case No. C07-02426 JCS<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

This answer to Plaintiff's First Amended Complaint for Damages is being submitted by newly named and served Defendant OFFICER JASON JOANNIDES, named and served as DOE 2 herein. This answer is identical to that which was filed by Co-Defendants CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON.

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
FOR DAMAGES

## DEMAND FOR TRIAL BY JURY

Defendants demand a trial by jury.

## JURISDICTION

1. In answering paragraphs 1 and 2 of Plaintiff's complaint, these answering Defendants neither admit or deny these allegations as they are matters of law and not appropriate for admission or denial.

## PARTIES AND PROCEDURE

2. In answering paragraphs 3 through 13 of Plaintiff's complaint these answering Defendants respond as follows. At all times mentioned in the complaint, the City of Antioch was a municipality within the State of California. At all times mentioned in the complaint, Chief James Hyde was employed as the City of Antioch Chief of Police and Antioch Police Officers Tom Fuhrmann, Kevin Kollo, Officer Koch, Officer Stanton and Officer Jason Joannides were law enforcement officers for the City of Antioch, acting within their course and scope of their employment with the City of Antioch and acting under color of law. These answering Defendants deny the remaining allegations in paragraphs 3 through 13.

## GENERAL ALLEGATIONS

3. In answering paragraphs 14 through 22 of Plaintiff's complaint these answering Defendants respond as follows. These answering Defendants admit that they along with other members of the Antioch Police Department were dispatched to the Legends Bar & Grill location in question on August 13, 2006, around 1:30 a.m., due to a complaint of patrons fighting and an unruly crowd. These answering Defendants deny the remaining allegations in paragraphs 14 through 22.

## FIRST CAUSE OF ACTION

4. In answering paragraphs 23 through 28 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 22 of Plaintiff's complaint.

5. These answering Defendants deny the allegations in paragraphs 23 through 28 of Plaintiff's complaint.

ANSWER TO FIRST AMENDED COMPLAINT      2
FOR DAMAGES

## SECOND CAUSE OF ACTION

6. In answering paragraphs 29 through 36 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 28 of Plaintiff's complaint.

7. These answering Defendants deny the allegations in paragraphs 29 through 36 of Plaintiff's complaint.

## THIRD CAUSE OF ACTION

8. In answering paragraphs 37 through 39 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 36 of Plaintiff's complaint.

9. These answering Defendants deny the allegations in paragraphs 37 through 39 of Plaintiff's complaint.

## FOURTH CAUSE OF ACTION

10. In answering paragraphs 40 through 43 of Plaintiff's complaint, these answering Defendants incorporate by reference their responses to paragraphs 1 through 39 of Plaintiff's complaint.

11. These answering Defendants deny the allegations in paragraphs 40 through 43 of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff

1  could have been mitigated by due diligence on his part or by one acting under similar
2  circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

3      4.    AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these
4  answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in
5  his Complaint herein was the sole proximate cause of the happening of the accident, and of the
6  injuries, loss and damages complained of, if any there were, and said negligence on the part of
7  Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and
8  about the matters alleged in the Complaint herein proximately contributed to the happening of the
9  accident and to the injuries, loss and damages complained of, if any there were, and said
10 negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be
11 diminished as required by the law of the State of California in proportion to the amount of fault
12 attached to said Plaintiff.

13     5.    AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these
14 answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the
15 causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the
16 California Code of Civil Procedure.

17     6.    AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these
18 answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and
19 hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount
20 of danger involved in his actions and the magnitude of the risk involved, assumed the risk of
21 injuries and damages to herself.

22     7.    AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
23 these answering Defendants allege that the Plaintiff by virtue of her own conduct and omissions
24 have enhanced and materially contributed to the damages, if any there may be, allegedly
25 sustained by Plaintiff as a result of the acts or omissions complained of herein.

26     8.    AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these
27 answering Defendants allege that there is no statutory or other basis for the attorney's fees sought
28 by Plaintiff.

ANSWER TO FIRST AMENDED COMPLAINT    4
FOR DAMAGES

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officers' reasonable cause to believe that the Plaintiff had committed a misdemeanor in the officers' presence and the officers used reasonable force to effect the arrest, prevent the escape or overcome the resistance of said plaintiffs; and Defendant are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" doctrine.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

ANSWER TO FIRST AMENDED COMPLAINT          5
FOR DAMAGES

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are legally or otherwise responsible.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by way of her Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: December 7, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON and OFFICER JASON JOANNIDES

ANSWER TO FIRST AMENDED COMPLAINT        6
FOR DAMAGES