KERRY M. GOUGH, State Bar No. 039966
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800

Attorneys for Michael Gailey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, et al<br><br>    Defendants | Case No. C-07-02426 JCS ADR<br><br>DECLARATION OF KERRY M. GOUGH IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>DATE:          January 11, 2008<br>TIME:          9:30 a.m.<br>COURTROOM:  A, 15th Floor |

Kerry M. Gough declares and states:

1. I am the attorney for Plaintiff in this action. If called to testify, I can testify competently from my personal knowledge as to the truth of the matters stated herein.

2. I mistakenly agreed to the proposed schedule set forth in the first Joint Case Management Statement that set a deadline of September 7, 2007 for adding claims in this action.

3. In its Case Management and PreTrial Order of August 14, the Court, however, apparently did not adopt the deadline as to filing new claims, but only as to adding new parties. (See discussion in Points and Authorities)

4. The September 7 deadline to amend (if indeed such a deadline exists) was neither reasonable nor feasible. It was unreasonable, because: 1)discovery was not allowed under Rule 26 (d) until the parties were able to complete their meet and confer on July 31, just 38 days before the proposed cut-off date;  2)

1. Plaintiff did not receive Defendants' Initial Disclosures until they were received by facsimile on August 29, 2007, just 9 calendar days before the deadline.

5. As a result there simply was not enough time to conduct discovery and investigations that would determine whether any amendments would be necessary or appropriate.

6. The facts plead in support of the 42 U.S.C. 1983 cause of action are identical to those which support claims for battery and false imprisonment/false arrest. Proof of these common law causes of action will result in liability of the City of Antioch because under state law a municipality is vicariously liable for the torts of its employees under the doctrine of *respondeat superior*. Municipal liability under §1983 requires a more stringent burden of proof.

7. Based upon discovery to date, the undersigned believes that in order for Plaintiff to have a full and fair hearing and opportunity to prove his case as against all defendants, including the City of Antioch, he must be able to assert the state common law claims.

I declare under penalty of perjury that the foregoing statements are true and correct, this 7th day of December, 2007, at Oakland, California.

_____
Kerry M. Gough

Declaration in Support of Motion to Amend Scheduling Order and for Leave to File 2d Amended Complaint.  Case No. C-07-02426 JCS                                                                    Page 2