KERRY M. GOUGH, State Bar No. 039966
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800

Attorneys for Michael Gailey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY, | Case No. C-07-02426 JCS ADR |
| Plaintiff, | PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| vs. | |
| CITY OF ANTIOCH, et al | |
| Defendants | DATE: January 11, 2008<br>TIME: 9:30 a.m.<br>COURTROOM: A, 15th Floor |

**STATEMENT OF ISSUES TO BE DECIDED**

The issues presented by this motion are:

1) Is there good cause to amend the Case Management and Pretrial Order of August 14, 2007, which appears to fail to set a deadline for adding new claims or is ambiguous regarding a deadline for adding new claims?

2) Should Plaintiff be allowed to amend his complaint to add causes of action under state law for battery and false arrest/imprisonment?

Points & Authorities in Support of Motion to Amend Scheduling Order and for Leave to File 2d Amended Complaint. Case No. C-07-02426 JCS    Page 1

## INTRODUCTION

On August 13, 2006, Plaintiff GAILEY was a customer at the Legend's Cocktail Lounge in Antioch, California. At or about 1:35 a.m. Defendant police officers entered Legend's and without any legal cause or justification, ordered the patrons to put down their drinks and leave the Lounge. When GAILEY questioned this illegal order, Defendant officers, knocked him to the floor, beat him with their batons, flashlights or other hard objects and then falsely arrested and incarcerated him.

Plaintiff's original complaint, and the First Amended Complaint, contain causes of action for a violation of 42 U.S.C. 1983 (1st Cause of Action), a *Monell* cause of action against the City and authorities of the City (2nd Cause of Action) and two state causes of action, alleging violations of Civil Code §§ 52.1 and 43, Interference with Exercise of Civil Rights and Right to Security from Restraint, Harm or Defamation (3rd Cause of Action) and Civil Code §51.7, Right to Freedom from Violence based upon a class or characteristic, in this case alcoholism disability (4th Cause of Action).

The First Amended Complaint failed to allege violations of common law battery and false arrest and false imprisonment. By this motion, Plaintiff seeks an order amending the scheduling order and leave of court to add causes of action for battery (proposed 5th Cause of Action) and false arrest/imprisonment (6th Cause of Action).

## STATEMENT OF RELEVANT FACTS RE AMENDING THE PRETRIAL ORDER

The complaint was filed on May 7, 2007. No discovery was permitted until the Rule 26 meet and confer regarding scheduling. The parties agreed upon the content of the first Joint Case Management Statement on July 31, 2007. That statement unrealistically provided a deadline of September 7, 2007 for adding new parties and new claims.

The First Case Management Conference was held on August 10, 2007 and the Court's Case Management and PreTrial Order were filed on August 14, 2007. That order stated:

"The Court adopts the Joint Case Management Statement except as modified by this Order.

"The last day to add new *parties* is September 7, 2007." [Emphasis added.]

The parties' proposed schedule provided that the last day to add additional *parties or claims* was September 7. [Emphasis added.]

Points & Authorities in Support of Motion to Amend Scheduling Order and for Leave to File 2d Amended Complaint. Case No. C-07-02426 JCS                                                                 Page 2

By adopting the parties' deadline of September 7 for adding new parties, *but not new claims,* the Court apparently did not set a deadline for amendments. At best, the order is ambiguous as to when a motion for leave to amend must be made.

Indeed, the September 7 deadline to amend was neither reasonable nor feasible. It was unreasonable, because: 1) discovery was not allowed under Rule 26 (d) until the parties were able to complete their meet and confer on July 31, just 38 days before the proposed cut-off date; 2) Plaintiff did not receive Defendants' Initial Disclosures until they were received by facsimile on August 29, 2007, just 9 calendar days before the deadline. There simply was not enough time to conduct discovery and investigations that would determine whether any amendments would be necessary or appropriate.

The court's adoption of the parties' deadline of September 7 for adding of parties, but not of claims, suggests that the Court had in mind that in the ordinary course of events more time after the commencement of discovery should be allowed to seek amendments. Thus it appears that although both counsel agreed to the unrealistic deadline in the Joint Case Management Conference Statement, wiser heads prevailed when the when the Pretrial Order omitted "claims" from the September 7 deadline.

### ARGUMENT RE REQUEST TO AMEND THE SCHEDULING ORDER

**1. The Court Should Hear the Motion to Amend because the Scheduling Order Does Not Set a Deadline for Filing Motions to Add or Amend Claims.**

As noted above, the Pre-Trial Order fails to set a deadline for filing or moving to file amendments. In the absence of such a deadline and in order to promote the policy of allowing a full hearing of a party's claims rather then raising procedural roadblocks, the Court should allow the hearing of the motion to amend. While it is true that Rule 16 requires that the court set a deadline for amending the pleadings, the Court's PreTrial Order fails to do so, or read most liberally, creates an ambiguity as to whether the court intended to set September 7 as the deadline *only* for adding new *parties*.

Under such circumstances, Plaintiff should not be faulted for failing to seek to amend by September 7.

**2. Good Cause Exists to Amend the Scheduling Order to Allow a Hearing on Plaintiff's Motion to Amend**

FRCP 16(e) provides that a schedule may be modified upon a showing of "good cause." Good

cause exists here. For example, even if the Pretrial Order can be read as requiring amendments to be sought by September 7, that deadline was impossible to meet, for it came just three weeks after the order issued. Given the 35 day notice requirement for motions, a motion to amend could not have been heard within the purported deadline period. The Pretrial Order and the Joint Case Management Statement adopted therein set forth the underlying facts which, if proven, would establish liability for battery and false imprisonment. (Paragraph 2, Joint Case Management Statement dated 7/31/07) By agreeing to the Joint CMC Statement, Defendants have impliedly agreed to trial of all issues raised by the recitation of facts contained therein. Further, there is no request here to plead new facts; the facts are identical to those originally plead.

Thus, trial of the alleged violation of §1983 will necessarily try the issues raised by the common law causes of action. A motion to amend to conform to proof would be appropriate during or at the close of trial.

> "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party failed to satisfy the court that the evidence would prejudice that party's action or defense on the merits. .." Rule 16(b)(1)

> "…A party may move—at any time, even after judgment—to amend the pleadings To conform them to the evidence to raise an unpleaded issue…." Rule 16(b)(2)

Since the trial of the §1983 claim will also try the issues of battery and false imprisonment/false arrest arising from the same facts, and given the liberal allowance of amendments during and even after trial, there is no reason not to allow the amendment at this time.

The Court might well ask why the complaint originally did not include claims for battery and false imprisonment since factual allegations plead in support of the 1983 claim if proven would establish battery and false imprisonment. Quite frankly, when counsel drafted the complaint, a *Monell* cause of action was included, which if proven, would establish liability upon the City of Antioch. Discovery and investigation has raised doubts whether the elements required by *Monell* can be established.

Under state law, however, proof that the officers battered and falsely imprisoned Plaintiff, will impose liability upon the city, for under state law the City is liable under the principles of respondeat superior.

Plaintiff needs to amend the complaint so that he has the opportunity to establish the liability of the City, as well as the individual officers.[1]

## ARGUMENT RE MOTION FOR LEAVE TO AMEND COMPLAINT

### 1. Leave of Court to Amend Should be Freely Given.

FRCP 15 (a)(2) provides that " the Court should freely give leave [to amend] when justice so requires."  Although the present complaint contains causes of action under state statutory law, counsel inadvertently failed to allege claims for common law battery and false imprisonment & arrest. The facts underlying these two causes of action arise out of the same facts alleged in support of the §1983 cause of action.  Namely, the gravamen of the complaint is that defendants wrongfully arrested and used unreasonable force in making Plaintiff's arrest.

Under §1983 in order to hold the City of Antioch liable for Plaintiff's injuries, there must be proof that individual officers' actions were pursuant to a policy, regulation or custom adopted and promulgated by the municipality. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  There is no *respondeat superior* liability under §1983.  On the other hand, under state law, and the proposed causes of action, the City of Antioch is liable for the actions of its officers within the scope of employment. Cal. Gov't Code §835(a); *Mary M. v. City of Los Angeles* (1991) 54 C.3d 202, 209.  There is no need to prove that there actions were pursuant to official policies and practices because the *respondeat superior* liability attaches in the same fashion as to a private employer.  *Societa per Azioni de Navigazione Italia v. City of Los Angeles* (1982) 31 Cal. 3d 446, 463.

In order to establish liability against the City of Antioch, Plaintiff may well need to have application of *respondeat superior* liability because discovery to date indicates that he may not be able to establish that the officers were acting pursuant to a policy, regulation or custom when then arrested and battered Plaintiff, the *sine qua non* of municipal liability under §1983

---

[1] The 3d and 4th causes of action do assert state statutory causes of action which if proven will impose liability upon the City. However, liability under theories of battery and false imprisonment may well be more easily comprehended and appreciated by the jury and are necessary for Plaintiff to be accorded a full and fair hearing.

"While Fed. R. Civ. P. 15 places leave to amend within the sound discretion of the trial court, we have stressed that a court must remain guided by "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)" *Noll v. Carlson* (1987) 809 F.2d 1446, 1448. [Rule 15 policy of favoring amendments to pleadings should be applied with extreme liberality.]"

**2.     Defendants Will Not Be Prejudiced by Allowing the Amendment.**

Inasmuch as the proposed causes of action arise out of the same facts as were plead in support of the §1983 claim, Defendants can not be heard to complain that the amendment will prejudice them in any way.

> "The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party. Where no such prejudice is shown, leave to amend should be freely given. See *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973); see also *Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir. 1979)." *Jordan v. County of Los Angeles* 669 F2d. 1311, 1324. (9th Cir.1982)

Any alleged delay on the part of Plaintiff in seeking leave to amend is not a sufficient reason to deny leave to amend.

> "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Cal*) 648 F.2d 1252, 1254  (9th Cir.1981)

Further, on December 6, 2007, Plaintiff's counsel notified defendants' counsel by email that he intended to file this motion, thus giving Defendants nearly three months before the February 28 discovery cut off to do any additional discovery that they might perceive is needed as a result of the amended complaint in the event that the motion is granted.

## CONCLUSION

Plaintiff respectfully submits that the Court should amend the scheduling order to allow this

//

//

Points & Authorities in Support of  Motion to Amend Scheduling Order and for Leave to File 2d Amended Complaint. Case No. C-07-02426 JCS     Page 6

1

2  motion to be heard and grant leave to file the Second Amended Complaint.

3  December 7, 2007                                  GOUGH & COMPANY

4                                                                        Counselors at Law

5

6

7

8

9

10                                                       _____

11                                                       Kerry M. Gough