JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
OFFICER STANTON and OFFICER JOANNIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive,<br><br>　　　　Defendants. | Case No. C07-02426 JCS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: January 11, 2008<br>Time: 9:30 a.m.<br>Dept: 15th Floor, Courtroom A<br>Judge: Hon. Joseph C. Spero<br><br>Trial Date: September 8, 2008 |

Defendants CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON and OFFICER JOANNIDES (collectively "Defendants") hereby oppose Plaintiff's Motion for Leave to File a Second Amended Complaint as follows.

## I. INTRODUCTION

Despite the fact that significant discovery has occurred in this matter, a matter which has been pending since Defendants answered Plaintiff's complaint in June of 2007 (the complaint was

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

filed in May of 2007), in a case for alleged federal and state civil rights violations for an unreasonable seizure and excessive force, Plaintiff now seeks leave to amend his recently filed First Amended Complaint to add in two additional and distinct state law causes of action versus Defendants that clearly should have been included in the original complaint filed in this action. No good cause can be shown by Plaintiff as to why he should be allowed leave despite a September 7th deadline to do so. In addition, leave to amend should be denied as Plaintiff's request is untimely, would be futile as it was not included in the government claim to the City of Antioch, and such an amendment would unduly and severely prejudice Defendants. Overall, this motion should be denied in total.

## II. RELEVANT FACTS AND BACKGROUND

On August 13, 2006, at around 1:30 a.m., Antioch Police Department ("APD") officers were requested to assist the staff of the Legends bar in Antioch in clearing the bar as it was closing.[1] One patron, Plaintiff Michael Gailey ("Plaintiff"), who was extremely intoxicated, refused to leave and ignored orders of the officers. When officers approached Plaintiff, Plaintiff, in addition to making threatening remarks to the officers, took an aggressive stance and raised his right arm towards officers which appeared to the officers to be the beginning of a fighting motion. At that point, APD officers restrained Plaintiff, took him to the ground and handcuffed him. In the process, Plaintiff suffered two minor lacerations to his face as a result of hitting his head on the ground during the take down. There is a DVD of surveillance of this incident which corroborates the APD officers versions of events.

On December 11, 2006, Plaintiff filed a First Amended government tort claim per Government Code § 910 et seq. with the City of Antioch, alleging federal and state civil rights violations. (See Exhibit A to Blechman Declaration). Nowhere in this government claim does Plaintiff seek to put the City of Antioch on notice that he intended to make a claim for battery and/or false arrest/imprisonment arising out of his August 13th arrest, claims that Plaintiff is now seeking to add to this litigation via this motion. As stated below, Plaintiff's failure to allege these

---

[1] All relevant facts and representations in this opposition are included in the Declaration of Noah G. Blechman, Esq., filed herewith.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

2

claims bars these claims per the California Tort Claims Act, making this motion futile.

On May 7, 2007, Plaintiff filed a federal lawsuit for alleged civil rights violations for an unreasonable seizure and excessive force per the Fourth and Fourteenth Amendment, as well as a *Monell* claim,[2] and two other state law civil rights claims per state statute and Constitution. In anticipation of the initial case management conference of August 10, 2007, the parties met and conferred and agreed upon some proposed discovery dates per their e-filed Joint Case Management Statement. (See Document 18, filed August 1, 2007).[3] Included in that statement, the parties agreed to set a deadline to "add additional parties or claims" for September 7, 2007. (See Document 18, pg. 4:2-3). Following the case management conference, the Court issued an Order dated August 14, 2007, which memorialized the deadlines set in the parties Joint Case Management Statement. (See Document 22, Case Management and Pretrial Order, dated August 14, 2007). In that Order, the Court stated that the "last day to add new parties is September 7, 2007," leaving out the issue of adding claims. However, it was clear that as the parties agreed to September 7th as the deadline to add new parties and claims, such was the deadline even though the Court did not make this explicit in the August 14, 2007, Order.

So far in this matter, the Plaintiff's deposition has been completed, the deposition of target Defendant Officer Kollo, as well as the depositions of two witnesses present during the incident. Two other target Defendant officers will be deposed in early January, prior to the hearing of this matter. A mediation was held in this matter on October 29, 2007, though it was unsuccessful. Currently, the deadline for discovery is February 29, 2008, only one and half months after the hearing date on this motion, and the deadline for Defendants to file and serve any dispositive motion in this matter is March 28, 2008, with the hearing to be held on May 2, 2008.

In preparation for the further Case Management Conference of November 16, 2007, the parties met and conferred and e-filed an Updated Joint Case Management Statement. (See Document 27). In the meet and confer process, as reflected in Document 27, pgs. 2:20-3:15, Plaintiff sought to amend the complaint to add in Officer Joannides who Plaintiff contends was

---

[2] Per stipulation between the parties, soon to be e-filed, Plaintiff has agreed to dismiss the *Monell* claim, as well as to dismiss the Chief of Police, and Officers Koch, Stanton and Martinez.
[3] References to the Court's file will relate to the number of the document e-filed in this matter, ie. Document 18.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION        3
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

only recently identified as an involved officer. Despite Defendants' objection due to the September 7th deadline to add additional parties and claims, the Court allowed Plaintiff to file an amended pleading to name Officer Joannides. <u>There was no mention during any of the meet and confer efforts or at the November 16th case management conference of Plaintiff's need to add in additional claims.</u> Per the Court's Further Case Management and Pretrial Order, dated November 20, 2007, Plaintiff was granted leave to amend to add Officer Joannides and the discovery deadline was extended from January 18, 2008 to February 29, 2008, the current deadline. (See Document 29). On November 27, 2007, Plaintiff e-filed his First Amended Complaint, adding in Officer Joannides as a party who has since appeared in this action. (See Documents 30 and 32 respectively). Now, after two scheduling orders have been set in this matter, Plaintiff belatedly seeks leave to file a Second Amended Complaint to add in two additional state law claims. Plaintiff's motion for leave should be denied in total.

### III. LEGAL ARGUMENTS

**A.    Plaintiff's Prior Agreement to a Deadline to Add Additional Claims of September 7, 2007, Bars This Motion for Leave**

Plaintiff's counsel readily admits in his moving papers that he was aware of the September 7, 2007, agreement between the parties as the deadline to add additional parties and claims. (Plaintiff's MP&A, pgs. 2:19-3:3). Plaintiff signed the joint case management conference statement agreeing to such deadline of September 7th. (See Document 18). Now, Plaintiff seeks to hide behind a perceived ambiguity in the Court's August 14, 2007, scheduling order which only mentions September 7th as the deadline to add additional parties. This was obviously an administrative oversight by the Court and such order should have included September 7th as the deadline to add new parties and claims, as agreed to by the parties. Moreover, Plaintiff should have known that the deadline to add additional parties was likely the same deadline to add additional claims, <u>a date and deadline that Plaintiff had agreed to</u>. As such, Plaintiff's purported confusion of the claimed ambiguous order of the Court is entirely disingenuous and is raised solely to support Plaintiff's tactical advantage of this motion. At this early point in the analysis, Plaintiff's motion should be summarily denied as untimely.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION     4
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

### B. No Good Cause Has Been Shown By Plaintiff to Belatedly Amend the Court's Scheduling Orders

Plaintiff has not demonstrated good cause to amend the Court's scheduling orders to allow this proposed Second Amended Complaint. As stated above, Plaintiff agreed to a deadline of September 7th to add <u>additional parties or claims</u> and the Court perhaps mistakenly did not include the term "or claims" in the August 14, 2007, scheduling order though it adopted most of the deadlines agreed to by the parties. If Plaintiff needed additional time to potentially add additional parties or claims, Plaintiff should have sought such through meet and confer efforts prior to the filing of a case management conference statement. Plaintiff did not do so and this is significant.

Though generally leave to amend is granted rather freely in federal court, where a case management scheduling order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies. (<u>See</u> CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) § 8:400.1). To allow the amendment, the scheduling order must be modified and this requires leave of court and a showing of "good cause." <u>Coleman v. Quaker Oats Co.</u> (9th Cir. 2000) 232 F.3d 1271, 1294.

Here, Plaintiff's claimed good cause is that Plaintiff did not quite understand that September 7th was the deadline to add additional claims and that even if September 7th was the deadline, Plaintiff did not have sufficient time to perform discovery to evaluate whether such an amendment was needed. These arguments are disingenuous as Plaintiff had previously agreed to such a deadline to add additional parties or claims. Further, and more importantly, additional discovery in this matter did not provide Plaintiff with information leading him to seek this motion to amend. On the contrary, Plaintiff's proposed state law claims for battery and false arrest/imprisonment were legal theories that Plaintiff either was aware of or should have been aware of at the time he filed this claimed unreasonable seizure and excessive force civil rights case. Nothing in discovery has provided the foundation for Plaintiff to add in these two new state law claims. Rather, these are claims that Plaintiff should have evaluated and added at the outcome of this litigation, if Plaintiff so wished, as these claims are essentially the state law

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT – C07-02426 JCS

5

equivalent to the thrust of Plaintiff's federal civil rights allegations.

Good cause cannot be shown here by Plaintiff to amend the existing scheduling orders, the initial one filed in August of 2007, some four months ago, as Plaintiff's arguments are based solely on his own ignorance. Plaintiff's claimed argument regarding the ambiguity of the Court's August 14, 2007, Order referring only to the deadline for the amendment of "parties" is contradicted by Plaintiff's previous agreement to the deadline of September 7th. Then, Plaintiff's further ignorance that September 7th was insufficient time to file amended pleadings is not a sufficient good reason to amend the Court's four month old scheduling order. Finally, Plaintiff's ignorance by omitting related state law claims in this federal case cannot form the basis of a good excuse either. Overall, Plaintiff's ignorance and personal failures to timely file these similar legal claims cannot be a basis for good cause. As Plaintiff cannot demonstrate good cause to allow such an amendment, leave to amend should be denied in total.

C.  **Plaintiff Has Not Met His Burden to Allow Leave to File a Second Amended Complaint**

Should Plaintiff be able to hurdle the September 7th deadline and demonstrate good cause for amending the scheduling order, Defendants submit that Plaintiff's motion for leave to file a Second Amended Complaint should still be denied. Ultimately, granting or denial of leave to amend rests with the sound discretion of the trial court and will be reversed only for abuse of discretion. Swanson v. United States Forest Service (9th Cir. 1996) 87 F.3d 339, 343. Courts have identified various factors that alone, or in combination, may justify denial of leave to amend, including undue delay, bad faith or dilatory motive, futility of amendment, prejudice to the opposing party or repeated failure to cure deficiencies by previous amendments. (See CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) § 8:416). Here, there are several grounds upon which Plaintiff's motion should be denied including undue delay, futility of an amendment, and significant prejudice to Defendants.

1.  **Plaintiff's Undue Delay Should Lead to Denial of this Motion**

First, Plaintiff's undue delay in bringing this motion to amend should lead to denial of this motion. Undue delay, especially an unexplained delay, may alone be a sufficient basis for

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION    6
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

denying leave to amend. <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u> (9th Cir. 2006) 465 F.3d 946, 953 (eight month delay unexplained). Plaintiff agreed to the September 7th deadline back in July of 2007 in the process of meeting and conferring with defense counsel for the preparation of the case management conference statement. The Court issued its order in August of 2007, essentially cementing the terms included in the parties joint case management conference statement, including the September 7th deadline. Now, four months after the Court's initial scheduling order was filed, six months after Defendants appeared, Plaintiff seeks to add these additional state law claims. Plaintiff's delay in bringing this issue to the Court's attention is essentially unexplained as Plaintiff offers only nominal and hollow excuses as to the delay.

Further, leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts and circumstances on which the amendment was based, but did not include them in the original pleading. <u>Kaplan v. Rose</u> (9th Cir. 1994) 49 F.3d 1363. Here, Plaintiff knew or should have known that his federal civil rights claims were similar to state claims of battery and false arrest/imprisonment and, therefore, should have been included such state law claims, if Plaintiff so wished, in the original pleading. Plaintiff's original complaint uses language challenging the force used on Plaintiff and challenging Plaintiff's arrest. Plaintiff cannot now claim that only recent discovery has disclosed the need to file these garden-variety force and arrest related state law claims. Plaintiff attempts to explain this omission as being "inadvertent," without providing good reasons for such an omission. In short, Plaintiff's unexplained delay in bringing this motion, to add claims that he should have clearly added at the outset if so wished, should defeat this motion.

  2. <u>As Plaintiff Did Not Make a Government Tort Claim for Battery and/or False Arrest/Imprisonment, It Would Be Futile to Grant Leave As Plaintiff's New Proposed State Law Claims are Barred</u>

Though ordinarily courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. <u>Saul v. U.S.</u> (9th Cir. 1991) 928 F.2d 829, 843. In assessing futility, the court should apply the same standard governing motions to dismiss under FRCP 12(b)(6). <u>Adorno v. Crowley Towing & Transportation Co.</u> (1st Cir. 2006) 443 F.3d

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  7
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

122, 126. An amendment is futile if the statute of limitations has run. FDIC v. Conner (5th Cir. 1994) 20 F.3d 1376, 1385.

Here, Plaintiff did not include claims of battery and/or false arrest/imprisonment in his First Amended Claim, or his initial claim which was much more skeletal, presented to the City of Antioch per the mandates of the California Tort Claims Act per Government Code § 910 et seq. The tort liability of a public entity is conditioned on the timely filing of a written complaint in proper form. Government Code § 905 et seq. No suit for money or damages may be brought against a public entity, or its public employees, on a cause of action for which the Tort Claims Act requires that a claim be presented until a written claim has been presented and either acted on by the entity or rejected. Government Code §§ 945.4, 945.6. Failure to include specific claims in a claimant's government tort claim, which is a prerequisite to filing litigation based on those claims, bars those state law claims from any such subsequent litigation. Government Code § 945.6.

Plaintiff's First Amended Claim (Exhibit A) includes only facts and information pertaining to federal and state civil rights claims for constitutional violations, the same claims that Plaintiff included in his original complaint. Plaintiff's First Amended Claim does not include any facts and information regarding making a claim for battery and/or false arrest/imprisonment. As Plaintiff did not include any notice to the City of Antioch and its employees that Plaintiff would be making state law claims for battery and/or false arrest/imprisonment per the California Tort Claims Act, those state law claims are now time barred from this litigation. In that vein, allowing Plaintiff leave to amend here to add these claims would be futile as such claims would be clearly barred per the filing of a FRCP 12(b)(6) motion for failure to state facts sufficient to constitute a valid cause of action. The statute of limitations has now run on any battery and/or false arrest/imprisonment state law claims meaning it would be meaningless for the Court to allow an amendment here as Plaintiff's newly proposed claims are subject to dismissal. As the new proposed state law claims are time barred per the mandates of the California Tort Claims Act, as no notice of these state law claims was provided to the City of Antioch, the Court should deny Plaintiff's motion for leave as futile.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS

8

### 3. Defendants Would Suffer Undue and Severe Prejudice By Allowing Such Amended Complaint

As yet another reason to deny this motion, Defendant would suffer undue prejudice by allowing Plaintiff to file a Second Amended Complaint to add in these claims. Prejudice to the nonmoving party or parties is the most important reason for denying leave to amend. (See CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) § 8:424). Prejudice is the touchstone of the inquiry under FRCP 15(a). Eminence Capital, LLC v. Aspeon, Inc. (9th Cir. 2003) 316 F.3d 1048, 1052. Some Courts presume prejudice where a motion to amend is brought late in the litigation, as is the case here. Solomon v. North American Life & Casualty Ins. Co. (9th Cir. 1998) 151 F.3d 1132, 1139.

Here, prejudice to the Defendants in allowing this amendment is readily apparent. First, Plaintiff's delay in bringing the motion, five months after discovery has occurred, only two months prior to the discovery cut-off and only three months prior to the dispositive motion filing deadline, shows presumed prejudice to Defendants. Further, several depositions, including Plaintiff, target Defendant Officer Kollo, and two witnesses, have already been completed. Also, depositions of two other key target Defendant officers will occur prior to the hearing date on this motion. In addition, the parties previously participated in an extensive mediation in this matter. There is an **inherent tactical advantage** to Plaintiff to add additional claims in a lawsuit after the time for which Defendants have taken a plaintiff's deposition and defended their key individual defendants at deposition. Defendants have prepared this litigation and their defenses and contentions based upon the allegations in the Plaintiff's original civil rights complaint. Allowing Plaintiff to essentially change the parameters of this case, long after extensive and significant discovery has occurred to frame the issues and evaluate the potential exposure to Defendants, plus allowing Defendant only a short time period to conduct follow up discovery for the alleged new claims (while also being barred from asking Plaintiff questions about these new claims), shows inherent prejudice to Defendants. Additional discovery, including perhaps another deposition of the Plaintiff, may need to occur if this motion is granted.

Another facet of undue prejudice demonstrated here by Defendants involves the fact that

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT – C07-02426 JCS       9

Plaintiff's new proposed cause of action for battery is an alleged intentional tort which may be the basis of <u>punitive damages</u> versus the individual officers. It is patently obvious that a police officer facing individual exposure for punitive damages is a serious and significant allegation. If such an amendment is allowed, Plaintiff is allowed yet another claimed basis to seek punitive damages versus the Defendant officers which is highly prejudicial to the Defendant officers, especially since Plaintiff's deposition is completed and by the time of this motion hearing, the other key officer Defendants will also be deposed. As the claim of battery not only comes with a stigma when sought versus an officer but also personally exposes the officer to potentially career-ending allegations and damages if proven at trial, there can be no doubt that the undue prejudice to Defendants for such an amendment is extremely high. Overall, allowing the amendment at this late date, to include highly contentious intentional allegations and punitive exposure, would be too prejudicial to Defendants. In that vein, Plaintiff's motion should be denied in total.

## IV. CONCLUSION

Plaintiff's motion for leave to file a Second Amended Complaint is untimely and Plaintiff has not shown good cause to modify the Court's two prior case management orders in this case. Further, Plaintiff's undue delay in bringing this motion, seeking to add claims that are time barred and futile, subjects Plaintiff's motion to denial. In addition, Defendants would be severely and unduly prejudiced if Plaintiff is allowed leave to amend to add in serious allegations that include claims for punitive damages. Overall, Defendants have pointed out the several logical and supported grounds for the Court to deny Plaintiff's motion.

Dated: December 20, 2007     MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                             PFALZER, BORGES & BROTHERS LLP

                             By: _____
                             James V. Fitzgerald, III / Noah G. Blechman
                             Attorneys for Defendant
                             CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
                             FUHRMANN, OFFICER KEVIN KOLLO, OFFICER
                             KOCH, OFFICER STANTON and OFFICER
                             JOANNIDES

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION      10
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT –
C07-02426 JCS