JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
OFFICER STANTON and OFFICER JOANNIDES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive,<br><br>    Defendants. | Case No. C07-02426 JCS<br><br>**DECLARATION OF NOAH G. BLECHMAN, ESQ. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:    January 11, 2008<br>Time:   9:30 a.m.<br>Dept:   15th Floor, Courtroom A<br>Judge:  Hon. Joseph C. Spero<br><br>Trial Date:    September 8, 2008 |

I, Noah G. Blechman, hereby declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and the U.S. District Court for the Northern District of California and am a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP; attorneys of record for Defendants CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON and OFFICER JOANNIDES (collectively "Defendants"). I have personal

DECLARATION OF BLECHMAN IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – C07-02426 JCS

1. knowledge of each matter stated herein.

2. Per the testimony of parties and witnesses, this litigation stems from an arrest of Plaintiff by officers of the City of Antioch. More specifically, on August 13, 2006, at around 1:30 a.m., Antioch Police Department ("APD") officers were requested to assist the staff of the Legends bar in Antioch in clearing the bar as it was closing. One patron, Plaintiff Michael Gailey ("Plaintiff"), who was extremely intoxicated, refused to leave and ignored orders of the officers. When officers approached Plaintiff, Plaintiff, in addition to making threatening remarks to the officers, took an aggressive stance and raised his right arm towards officers which appeared to the officers to be the beginning of a fighting motion. At that point, APD officers restrained Plaintiff, took him to the ground and handcuffed him. In the process, Plaintiff suffered two minor lacerations to his face as a result of hitting his head on the ground during the take down. There is a DVD of surveillance of this incident which corroborates the APD officers versions of events.

3. On December 11, 2006, Plaintiff filed a First Amended government tort claim per Government Code § 910 et seq. with the City of Antioch, alleging federal and state civil rights violations. A true and correct copy of Plaintiff's First Amended Claim is attached hereto as **Exhibit A**.

4. Nowhere in this government claim does Plaintiff seek to put the City of Antioch on notice that he intended to make a claim for battery and/or false arrest/imprisonment arising out of his August 13th arrest, claims that Plaintiff is now seeking to add to this litigation via this motion.

5. On May 7, 2007, Plaintiff filed a federal lawsuit for alleged civil rights violations for an unreasonable seizure and excessive force per the Fourth and Fourteenth Amendment, as well as a *Monell* claim, and two other state law civil rights claims per state statute and Constitution.

6. In anticipation of the initial case management conference of August 10, 2007, the parties met and conferred and agreed upon some proposed discovery dates per their e-filed Joint Case Management Statement. (See Document 18, filed August 1, 2007). Included in

DECLARATION OF BLECHMAN IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – C07-02426 JCS

2

that statement, the parties agreed to set a deadline to "add additional parties or claims" for September 7, 2007. (See Document 18, pg. 4:2-3).

7. Following the case management conference, the Court issued an Order dated August 14, 2007, which memorialized the deadlines set in the parties Joint Case Management Statement. (See Document 22, Case Management and Pretrial Order, dated August 14, 2007). In that Order, the Court stated that the "last day to add new parties is September 7, 2007," leaving out the issue of adding claims. However, it was clear that as the parties agreed to September 7th as the deadline to add new parties and claims, such was the deadline even though the Court did not make this explicit in the August 14, 2007, Order.

8. So far in this matter, the Plaintiff's deposition has been completed, the deposition of target Defendant Officer Kollo, as well as the depositions of two witnesses present during the incident. Two other target Defendant officers will be deposed in early January, prior to the hearing of this matter. A mediation was held in this matter on October 29, 2007, though it was unsuccessful. Currently, the deadline for discovery is February 29, 2008, only one and half months after the hearing date on this motion, and the deadline for Defendants to file and serve any dispositive motion in this matter is March 28, 2008, with the hearing to be held on May 2, 2008.

9. In preparation for the further Case Management Conference of November 16, 2007, the parties met and conferred and e-filed an Updated Joint Case Management Statement. (See Document 27). In the meet and confer process, as reflected in Document 27, pgs. 2:20-3:15, Plaintiff sought to amend the complaint to add in Officer Joannides who Plaintiff contends was only recently identified as an involved officer. Despite Defendants' objection due to the September 7th deadline to add additional parties and claims, the Court allowed Plaintiff to file an amended pleading to name Officer Joannides. There was no mention during any of the meet and confer efforts or at the November 16th case management conference of Plaintiff's need to add in additional claims.

10. Per the Court's Further Case Management and Pretrial Order, dated November 20, 2007,

DECLARATION OF BLECHMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - C07-02426 JCS       3

Plaintiff was granted leave to amend to add Officer Joannides and the discovery deadline was extended from January 18, 2008 to February 29, 2008, the current deadline. (See Document 29).

11. On November 27, 2007, Plaintiff e-filed his First Amended Complaint, adding in Officer Joannides as a party who has since appeared in this action. (See Documents 30 and 32 respectively).

I declare under penalty and perjury the foregoing is true and correct.

Executed this 19th day of December, 2007 at Walnut Creek, California.

By: _____
Noah G. Blechman, Esq., Declarant

DECLARATION OF BLECHMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - C07-02426 JCS         4

# EXHIBIT A

**FIRST AMENDED**
**CLAIM PRESENTED TO THE CITY OF ANTIOCH**

Reserved for Filing Stamp

**RECEIVED**
DEC 1 1 2006
CITY OF ANTIOCH
CITY CLERK
by mail

1. Claimant's Name: **MICHAEL GAILEY**

   Claimant's Address: 811 ROXBURY COURT

   City, State, Zip: ANTIOCH, CA. 94509

   Day Phone: c/o Attorney 510 832 5800     Eve Phone:

   City Claim No.

2. When did the damage or Injury occur?
   Month: August   Day: 13   Year: 2006   Time: Approx 1:30 a.m.

3. At which location did the damage or injury occur?

   Legend's Cocktail Lounge, 3702 Lone Tree Way, Antioch, CA

   **P.D. Report # 06-8122**

4. a. What happened and why is the City Responsible.

   See attachment, incorporated herein by reference.

   b. Name end position of responsible city employees, if known:
   James Hyde, Chief of Police; Sgt. Furman of the Antioch P.D., and other members of the Antioch Police Department, whose identities are not yet known.

5. What damage or injury occurred? Severe cuts to eye, requiring 11 stitches, inside and out; bruises to arm; scratches and abrasions to face

   his face. False imprisonment and false arrest. Severe emotional trauma & distress.

6. Claim amount (only if less than $10,000.)
   It the amount exceeds $10,000, please check (X) the court of appropriate jurisdiction.
   Municipal Court (claims up to $25,000)  X Superior Court (claims over $25,000)

7. How did you arrive at the amount claimed? Please attach documentation. Severity of injuries, and intentional violation of state and federal civil rights

8. I declare under penalty of perjury under the laws of the State of California that the following Information true and correct, and that this declaration was executed on December 7, 2006 at Oakland, CA.

   *[signature]*
   Signature of Claimant or Representative's Signature

9. Official Notices and Correspondence
   If represented by an insurance company or an attorney, please provide the information requested below.
   Name and Capacity: (PLEASE PRINT) Kerry M. Gough, Gough & Company, Counselors at Law

   Address: 160 Franklin Street, Suite 209

   City, State. Zip: Oakland, CA 94607

ATTACHMENT TO FIRST AMENDED CLAIM OF MICHAEL GAILEY

On August 13, 2006, at approximately 1:35 a.m. MICHAEL GAILEY was a customer at the Legend's Cocktail Lounge in Antioch, California. At all times, MICHAEL GAILEY an behaved peacefully and lawfully. Gailey never displayed any weapon or threatened anyone in any way. At or about 1:35 a.m. Respondent police officers entered Legend's and without any legal cause or justification, ordered the patrons to put down their drinks and leave the Lounge. When GAILEY questioned this illegal order, respondent officers knocked him to the floor and beat him with their batons and then falsely arrested and incarcerated him.

The force used by respondent officers against Gailey, including striking him repeatedly with their batons, was unjustified and objectively unreasonable under the circumstances. Respondent officers' seizure of Gailey lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right. The actions and omissions of each respondent officer was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Gailey's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

By the actions and omissions described above, Respondent Officers Furman and the other officers whose identities are unknown violated 42 USC §1983, depriving Gailey of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

Defendants subjected Gailey to their wrongful conduct, depriving Gailey of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Gailey would be violated by their acts and/or omissions.

On information and belief, the unconstitutional actions and/or omissions of Respondent Officers Furman, as well as other officers employed by or acting on behalf of Defendant CITY of ANTIOCH, were pursuant to the following customs, policies, practices, and/or procedures of the Antioch Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the CITY of ANTIOCH and the Antioch Police Department:

    a.    To use or tolerate the use of excessive and/or unjustified force, including the beating of individuals who do not pose a threat justifying such force;

    b.    To engage in or tolerate unreasonable seizures;

    c.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning seizures and the use of force, including the use of batons to beat citizens;

    d.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning invasion of the rights of citizens at public accommodations, such at Legend's Lounge;

    e.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    f.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

    g.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

CITY of ANTIOCH, Chief James Hyde, and officers and employees who have not yet been identified failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Respondent Officers Furman and the other officers who were present at the Lounge at the time of the incident, and other Police Department personnel, with deliberate indifference to Gailey's Constitutional rights, which were thereby violated as described above.

The unconstitutional actions and/or omissions of Respondent Officers Furman and the other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the Antioch Police Department. Gailey is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY of ANTIOCH, and the Antioch Police Department, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY of ANTIOCH and the Antioch Police Department have approved of the conduct of Respondent Officer Furman and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY of ANTIOCH and the Antioch Police Department have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of

the individual defendant officers.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Respondent Officers and the CITY of ANTIOCH was a moving force and/or a proximate cause of the deprivations of Gailey's clearly-established and well-settled constitutional rights in violation of 42 USC §1983.

Respondents subjected Gailey to their wrongful conduct, depriving Gailey of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Gailey and others would be violated by their acts and/or omissions. here.

By their acts, omissions, customs, and policies, each Respondent acting in concert/conspiracy, as described above, violated Gailey's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:
   a.   The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;
   b.   The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;
   c.   The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;
   d.   The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;
   e.   The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;
   f.   The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

   g.   The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

Page 3



# Gough & Company
## Counselors at Law

**RECEIVED**
**DEC 1 1 2006**
CITY OF ANTIOCH
CITY CLERK

by mail

Legal
& Mediation
Services

160 Franklin Street
Suite 209
Oakland, Ca 94607

510·832·5800

510·832·4601

December 7, 2006

City Clerk
City of Antioch
P O Box 5007
Antioch, CA 94531-5007

Re:  Claim of Michael Gailey

Dear City Clerk

Enclosed are the original and one copy of the First Amended Claim of Michael Gailey against the City of Antioch.  Please stamp the copy "received" or "filed" and return it to me in the envelope that I have provided.

Very truly yours,

Gough & Company
Counselors at Law

Kerry M. Gough
Attorney for Michael Gailey

KMG:bh
Encls

kerrygough@mindspring.com    gough@bayareamediation.com                    www.goughlaw.com    www.bayareamediation.com



RECEIVED
DEC 11 2006
CITY OF ANTIOCH
CITY CLERK

City Clerk
City of Antioch
P O Box 5007
Antioch, CA 94531-5007



Gough
&Company
Legal & Mediation Services
160 Franklin Street
Suite 209
Oakland, California 94607