JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM
FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH,
and OFFICER STANTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, JAMES HYDE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE of the CITY OF ANTIOCH; SERGEANT TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, OFFICER STANTON, INDIVIDUALLY AND IN THEIR CAPACITIES AS OFFICERS OF THE ANTIOCH POLICE DEPARTMENT, AND DOES 1 TO TEN, Inclusive,<br><br>    Defendants. | Case No. C07-02426 JCS<br><br>**JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF ANTIOCH POLICE DEPARTMENT EMPLOYEE RECORDS** |

On August 16, 2007, Plaintiff served on Defendant CITY OF ANTIOCH an Amended Request for Production of Documents, Set One.  Defendants objected to these requests to the extent they sought the production of personnel related records that are subject to qualified privileges.  These requests sought the following categories of documents pertaining to personnel related records of employees of the CITY OF ANTIOCH, including personnel type records of Defendants FUHRMANN and KOLLO, for records retained by the CITY OF ANTIOCH dating back to within five years prior to the date of the incident of August 13, 2006, such as the

JOINT STIPULATED PROTECTIVE ORDER -
C07-02426 JCS

following type of personnel related documents:

1. Complaints and/or disciplinary history, whether it be citizen complaints or internal complaints, regarding the officer's use of force, truthfulness, report writing, and/or evidence integrity.
2. Training records of the officers, particularly pertaining to use of force.
3. Job performance and evaluations of the officers.
4. Hiring and fitness to be a law enforcement officer related documents of the officers.

Recently, the Court allowed Plaintiff leave to file an amended complaint to name Defendant Officer JOANNIDES. As such, this protective order now includes Defendant Officer JOANNIDES and personnel records related to him, in addition to Defendants FUHRMANN and KOLLO, as stated above.

Counsel for Plaintiff and counsel for Defendants agree that some or all of above categories of documents pertaining to these listed Defendants may be relevant and produceable in this matter following the Court's review of the records requested above via an in camera review. The parties jointly agree that these sensitive and private documents maintain a qualified privilege from disclosure, taking into consideration the strict California statutory mandates limiting such disclosure, necessitating the Court's assistance in performing an in camera review for the purposes of deciding which documents, if any, are relevant and discoverable. The parties agree that Defendants' counsel can redact all personal/familial identification and financial information from any such records ordered produced that are wholly irrelevant to issues in this case. The parties agree that per the Court's request, the Court can review such records in camera without the presence of defense counsel and the custodian of records of Defendant City of Antioch, or can include them in the in camera process, similar to what occurs in <u>Pitchess</u> in camera reviews in state court cases. The attendance at the in camera review by defense counsel and the custodian of records may be more time efficient for the Court.

These records will be submitted to the Court for an in camera review per this stipulation. Should the Court order any production of such personnel related documents, such production is

subject to this strict stipulated protective order and shall serve to supplement Defendant CITY's responses to Plaintiff's Amended Request for Production of Documents, Set One, pertaining to the categories of documents and information listed above. Accordingly, Plaintiff and Defendants, by and through their respective counsel of record, hereby stipulate to the entry of the following Stipulated Protective Order regarding the disclosure of the above stated documents following the in camera review by assigned Magistrate Judge Spero.

1. The documents produced pursuant to this Stipulated Protective order are "confidential." "Confidential" information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable law.

2. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document or document package as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this civil action and for no other purpose. Plaintiff and his counsel and agents shall not disclose, release or otherwise publish any confidential material except as necessary in this civil litigation. This information cannot be used in any other action, including any criminal or similar proceedings.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to a party to this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below, but only pertaining to issues and parties involved in this action:

    A. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action.

    B. Court reporters employed in this action;

JOINT STIPULATED PROTECTIVE ORDER -     3
C07-02426 JCS

     C.    A witness at any deposition or proceedings in this action other than the subject officers; and

     D.    Any other person as to whom the parties mutually agree, in writing.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which is attached and a copy of which shall be maintained by the counsel who is providing the materials.

5.    The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above, and may be designated confidential and privileged in this action, per the agreement of all relevant counsel.

6.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Receipt by any party of any confidential information shall not be either an admission or claim that the information is private, confidential, proprietary, and/or a trade secret, as asserted by the propounding party, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

7.    This Order shall be without prejudice to the right of the parties to: (1) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or (2) present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8.    Exhibits or other documents that are designated by the parties as Confidential shall be lodged under seal with a showing of "good cause" to the Court. If the filing party believes that Confidential Information is necessary to adjudicate the matter, the filing party must file the document with the Court in a sealed envelope with the following label:

JOINT STIPULATED PROTECTIVE ORDER -    4
C07-02426 JCS

"Confidential Information

Filed Under Seal Pursuant to Protective Order

<u>Gailey v. City of Antioch et al.</u>

Case No. C07-02426 JCS

"[Title of Document]"

After the filing party has conditionally lodged the Confidential Information under seal with the Court, any party or non-party with an interest in maintaining the confidentiality of the Information or material identified as "Confidential" may file a motion to seal pursuant to Local Rule 79-5. Any motion to seal must be heard prior to or at the same time as the related motion or matter. The parties agree that any motion to seal may be brought on shortened time with permission and/or leave from the Court. If no explicit assertion is made, or if no motion to seal is filed, the lodged Confidential documents will lose their confidentiality designation and my be treated as non-Confidential under this Order.

9. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

10. Nothing in this Order nor the production of any information or document under the terms of this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not and does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within thirty (30) days of the dismissal or entry of final judgment in this action, whichever first occurs, Plaintiff and his counsel shall return to counsel for Defendants at its business address, 1211 Newell Avenue, Walnut Creek, California 94596, all confidential materials and any and all copies thereof.

JOINT STIPULATED PROTECTIVE ORDER -      5
C07-02426 JCS

12. Violations of this protective order may subject the violator and/or the violating party and/or their counsel to monetary and/or evidentiary sanctions per order of the Court and this Court retains jurisdiction over any such alleged violations, whether it be during the course of this litigation or when the litigation has concluded.

**IT IS SO STIPULATED.**

Dated: November ___, 2007          GOUGH & COMPANY

By: _____
     Kerry M. Gough
     Attorneys for Plaintiff MICHAEL GAILEY

Dated: ~~November~~ December 19, 2007    MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
     James V. Fitzgerald, III / Noah G. Blechman
     Attorneys for Defendants
     CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON

**ORDER**

Defendants' counsel shall contact my calendar clerk within seven (7) days from the date of this order to set up a date and time to personally deliver the requested personnel records of these officers for an in camera review of such records in my chambers with Defendants' counsel and the custodian of records for the City of Antioch for peace officer records present. Any records ordered produced following my in camera review shall be subject to the terms and conditions of this joint stipulated protective order and shall be produced to Plaintiff within ten (10) days of any ordered production.

**IT IS SO ORDERED.**

Dated: December 19, 2007

By: _____
     Honorable Joseph C. Spero
     United States Magistrate Judge

JOINT STIPULATED PROTECTIVE ORDER -
C07-02426 JCS

6

12. Violations of this protective order may subject the violator and/or the violating party and/or their counsel to monetary and/or evidentiary sanctions per order of the Court and this Court retains jurisdiction over any such alleged violations, whether it be during the course of this litigation or when the litigation has concluded.

IT IS SO STIPULATED.

Dated: November ___, 2007        GOUGH & COMPANY

By: _____
Kerry M. Gough
Attorneys for Plaintiff MICHAEL GAILEY

Dated: November ___, 2007        MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III / Noah G. Blechman
Attorneys for Defendants
CITY OF ANTIOCH, JAMES HYDE, SGT. TOM FUHRMANN, OFFICER KEVIN KOLLO, OFFICER KOCH, and OFFICER STANTON

## ORDER

Defendants' counsel shall contact my calendar clerk within seven (7) days from the date of this order to set up a date and time to personally deliver the requested personnel records of these officers for an in camera review of such records in my chambers with Defendants' counsel and the custodian of records for the City of Antioch for peace officer records present. Any records ordered produced following my in camera review shall be subject to the terms and conditions of this joint stipulated protective order and shall be produced to Plaintiff within ten (10) days of any ordered production.

**IT IS SO ORDERED.**

Dated: _____, 2007

By: _____
Honorable Joseph C. Spero
United States Magistrate Judge

JOINT STIPULATED PROTECTIVE ORDER -    6
C07-02426 JCS

## ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear, that I am fully familiar with the terms of the stipulated protective order entered in **Gailey v. City of Antioch et al., Case No. C07-02426 JCS**, and hereby agree to comply with and be bound by the terms and conditions of this order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of this Court for the purpose of enforcing this order.

Dated: _____     Signature: _____

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330