KERRY M. GOUGH, State Bar No. 039966
GOUGH & COMPANY
The London Building at Jack London Square
160 Franklin Street, Suite 209
Oakland, CA 94607
Telephone: (510) 832-5800

Attorneys for Michael Gailey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, et al<br><br>    Defendants | Case No. C-07-02426 JCS ADR<br><br>PLAINTIFF'S REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>DATE:         February 1, 2008<br>TIME:         9:30 a.m.<br>COURTROOM: 15 |

1. **Plaintiff's First Amended Tort Claim Gave Clear Notice to Defendants of His Claims for False Imprisonment and Battery.**

Defendants' Opposition Brief grossly misstates the record. Contrary to Defendants' contention to the contrary, Plaintiff's First Amended Government Code Tort Claim clearly put them on notice that he was claiming damages for false imprisonment and battery. Item 5 of the tort claim states in unequivocal terms that plaintiff sustained "severe cuts to eye, requiring 11 stitches, inside and out; bruised to arm; scratches and abrasions to face [and] *false imprisonment and false arrest*." (First Amended Tort Claim, page 1, Exhibit 1 to Gough Supplemental Declaration in Support of Reply Memorandum, *Emphasis added*)

As to battery, the foregoing language describes his injuries inflicted by the officers and the attachment to the claim at the second page the 2d full paragraph states that "When Gailey questioned

this illegal order, respondent officers knocked him to the floor and beat him with their batons and then falsely arrested and incarcerated him. (Id. at p.2, attachment to First Amended Tort Claim) A battery and false imprisonment could not be stated with any more clarity.  For example, in *White v. Superior Court* (1990) 225 Cal.App.3d 1050, the court held that a claim alleging false arrest, false imprisonment and battery supported a complaint for defendant's negligent hiring, training and supervision of police officers. The court noted that Plaintiff did not shift the fundamental facts about her injury (*Id.* At 1511), just as Plaintiff here has not changed the fundamental facts of his injuries.

Nowhere does the California Government Code require that a tort claim actually name the *particular tort* which is alleged to have been committed, but only that sufficient facts be set forth to give the respondent notice of the nature of the claim.  Gov't Code §910(d) requires only

> "A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim."

Courts have long recognized that "[a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *Del Real v. City of Riverside,* (2002) 95 Cal.App.4th 761 at 769;  *Green v. State Center Community College Dist*. (1995) 34 Cal. App. 4th 1348, 1358 [41 Cal. Rptr. 2d 140] [content of letter must at least "make it readily discernible by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation."  A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an 'entirely different set of facts.'  *Stevenson v. San Francisco Housing Authority*, 24 Cal.App.4th 269 at 278.  Only where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim' have courts generally found the complaint barred. ( *Blair v. Superior Court* (1990) 218 Cal.App.3d 221 at. 226.

All the elements of the torts of false imprisonment and battery were alleged in the tort claim. Defendants' contentions to the contrary are frivolous.

**2.    Allowing the Amendment Will Not be Futile.**

Inasmuch as the Amended Tort Claim was put Defendants on notice of Plaintiff's claims for battery and false imprisonment, allowing the amendment will not be futile, but rather would prevent the injustice of not allowing all of Plaintiff's claims to be heard by the jury.

### 3. Defendants Will Not be Prejudiced by the Proposed Amendment.

#### a. The very facts giving rise to the §1983 claim give rise to the state claims.

Defendants admit that the same facts upon which the §1983 claim is based are the elements of the battery and false imprisonment claims. (Defendant's Opposition, page 5:28—6:1. "…as these claims [false imprisonment and battery] are essentially the state law equivalent of the thrust of Plaintiff's federal civil rights allegations."  As such, there will be no surprise, prejudice or burden upon Defendants imposed by the addition of the causes of action.  The facts are identical and only an additional theory, of liability under state law, is presented.

#### b. The same discovery applies to the §1983 claim and the proposed state claims.

Defendants' argument that there is an "inherent tactical advantage" to plaintiff to add additional claims is without merit.  Defendants' thoroughly deposed plaintiff and one third party witness and all the material facts were exhaustingly covered.  Defendants counsel grilled Plaintiff for several hours, covering the entire aspect of the incident, from the time Plaintiff entered the bar, through his beating, arrest and removal to the hospital and then jail.  There is nothing more to be asked of him.

As for the depositions of two other "target Defendant officers," (Opposition Brief 9:15-16) it is rather disingenuous for counsel to state to the court that those depositions are scheduled for a date prior to the hearing on this motion. Prior to the filing of Defendants' opposition brief, Plaintiff told defense counsel that he had take those depositions off calendar. This was necessary because Defendants purposefully delayed submitting to the Court the stipulation regarding review of these officers' personnel files.  Plaintiff needs to know if there is anything in those files that the Court will order disclosed in order to thoroughly depose these officers, and knowing that, Defendants sat on the stipulation and failed to submit it until counsel complained about the delay.

#### c. Defendants are already exposed to punitive damages.

Since Defendants are already exposed to punitive damages in the §1983 and existing Civil Code 52.1 and 43 claims, Defendants' claim of prejudice if they are exposed to punitive damages for battery and false imprisonment has no weight. First, a claim for punitive damages under state law requires proof of malice, oppression or fraud by clear and convincing evidence, a more difficult burden than that of a preponderance of evidence under §1983. Secondly, Defendants argue that proof of battery stigmatizes and potentially ends the career of an officer. (Opposition Brief 10:7-8) That is indeed a shocking contention, for it suggests that the City of Antioch regards its officers' beatings of citizens in violation of federal law of little consequence as compared to committing common law battery. The officers are stigmatized by their brutal conduct, whether it violated §1983, state common law, or both—as the case is here.

**4.  The Evidence of Battery and False Imprisonment Necessarily Will be Heard at Trial And an Amendment to Conform to Proof Would be Required Under Rule 15(b).**

Since the evidence that will be admitted on the issue of a violation of §1983 and Cal. Civil Code § 52 is identical to the evidence that supports findings of battery and false imprisonment, those issues "must be treated in all respects as if raised in the pleadings." FRCivP 15(b).[1] That being the case, the prudent and efficient approach is to have all the pleadings before the court now, since it is inevitable that the evidence on those issues will be heard.

**5.  Plaintiff's Delay Is Excusable Given the Unreasonably Short Time Allowed to Amend And Given that the Delay is only Three Months**.

As noted in Plaintiff's Opening Points and Authorities, Counsel inadvertently agreed to a September 7 cutoff date for adding new claims or parties.[2] Further, counsel admittedly should have included the causes of action for false imprisonment and battery in the original complaint. He did not, but inasmuch as the argument that defendants are prejudiced by the delay is utterly specious and given

---

[1] While there is no express or implied consent by Defendants here, they have had notice, since the filing of this motion, that the evidence of battery and false imprisonment will be heard.

[2] The September 7 date was unrealistic and unreasonable because: 1) discovery was not allowed under Rule 26 (d) until the parties were able to complete their meet and confer on July 31, just 38 days before the proposed cut-off date; 2) Plaintiff did not receive Defendants' Initial Disclosures until they were received by facsimile on August 29, 2007, just 9 calendar days before the deadline.

1 that the facts remain the same, it would be unjust to bar plaintiff from litigating all his claims.

2 The cases cited by Defendants in support of denying the motion on the basis of delay are
3 inapposite. *AmerisourceBergen Corp v. Dialysist West, Inc*. (9th Cir. 2006) 465 F.3d 946 involved a 15
4 month delay and the court expressly found prejudice to the other party arising from delaying collection
5 of a 2.2 million dollar judgment. We have no prejudice here. In *Kaplan v. Rose* (9th Circuit 1994) 49
6 F.3d 1363, the court denied the motion to amend for at least three reasons, emphasizing that trial was
7 only two months away, numerous new claims would be added by the amendment, and the moving party
8 knew from the inception of the case the facts and theories underlying the proposed amendment. (*Id*. At
9 1370) The court noted with approval that the district court had found that "[t]he parties have engaged in
10 voluminous and protracted discovery. . . . Expense, delay, and wear and tear on individuals and
11 companies count toward prejudice."

**CONCLUSION**

13 This Court has discretion to grant or deny Plaintiff's Motion for Leave to Amend. A district
14 court's denial of leave to amend is reviewed for an abuse of discretion, keeping in mind the strong policy
15 in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the
16 opposing party, and the futility of amendment. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186
17 (9th Cir. 1987).

18 **Bad Faith:** There is absolutely on bad faith involved here.

19 **Undue Delay**: The delay is only three months, is excusable, and should not be the basis for
20 denying Plaintiff the right to be heard on all his claims. Further, no delay in the trial date or discovery
21 schedule is sought. Since the trial is not scheduled until September 8, 2007, if Defendants perceive that
22 they need more time, the discovery cut off could by extended by stipulation, subject to the approval of
23 the Court.

24 **Prejudice to Defendants:** This is a non-issue. Defendants assertion that the amendment is
25 *inherently prejudicial*, that conclusion is without an iota of evidentiary support.

26 **Futility of Amendment:** As demonstrated above, all requirements of the California
27 Government Code pertaining to claims have been met. Defendants' contention is without authority and

28

indeed ignores the clear mandate of numerous California cases clearly against their position.

It is respectfully submitted that the Court should grant Plaintiff's motion.

December 27, 2007                    GOUGH & COMPANY

Counselors at Law

*Kerry M. Gough*

_____
Kerry M. Gough