ATTACHMENT TO FIRST AMENDED CLAIM OF MICHAEL GAILEY

On August 13, 2006, at approximately 1:35 a.m. MICHAEL GAILEY was a customer at the Legend's Cocktail Lounge in Antioch, California. At all times, MICHAEL GAILEY an behaved peacefully and lawfully. Gailey never displayed any weapon or threatened anyone in any way. At or about 1:35 a.m. Respondent police officers entered Legend's and without any legal cause or justification, ordered the patrons to put down their drinks and leave the Lounge. When GAILEY questioned this illegal order, respondent officers knocked him to the floor and beat him with their batons and then falsely arrested and incarcerated him.

The force used by respondent officers against Gailey, including striking him repeatedly with their batons, was unjustified and objectively unreasonable under the circumstances. Respondent officers' seizure of Gailey lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right. The actions and omissions of each respondent officer was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Gailey's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

By the actions and omissions described above, Respondent Officers Furman and the other officers whose identities are unknown violated 42 USC §1983, depriving Gailey of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

Defendants subjected Gailey to their wrongful conduct, depriving Gailey of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Gailey would be violated by their acts and/or omissions.

On information and belief, the unconstitutional actions and/or omissions of Respondent Officers Furman, as well as other officers employed by or acting on behalf of Defendant CITY of ANTIOCH, were pursuant to the following customs, policies, practices, and/or procedures of the Antioch Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the CITY of ANTIOCH and the Antioch Police Department:

    a.    To use or tolerate the use of excessive and/or unjustified force, including the beating of individuals who do not pose a threat justifying such force;

    b.    To engage in or tolerate unreasonable seizures;

    c.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning seizures and the use of force, including the use of batons to beat citizens;

      d.      To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning invasion of the rights of citizens at public accommodations, such at Legend's Lounge;

      e.      To cover-up violations of constitutional rights by any or all of the following:

          i.      by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

          ii.      by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

          iii.      by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

      f.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

      g.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

      CITY of ANTIOCH, Chief James Hyde, and officers and employees who have not yet been identified failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Respondent Officers Furman and the other officers who were present at the Lounge at the time of the incident, and other Police Department personnel, with deliberate indifference to Gailey's Constitutional rights, which were thereby violated as described above.

      The unconstitutional actions and/or omissions of Respondent Officers Furman and the other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the Antioch Police Department. Gailey is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY of ANTIOCH, and the Antioch Police Department, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY of ANTIOCH and the Antioch Police Department have approved of the conduct of Respondent Officer Furman and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY of ANTIOCH and the Antioch Police Department have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of

the individual defendant officers.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Respondent Officers and the CITY of ANTIOCH was a moving force and/or a proximate cause of the deprivations of Gailey's clearly-established and well-settled constitutional rights in violation of 42 USC §1983.

Respondents subjected Gailey to their wrongful conduct, depriving Gailey of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Gailey and others would be violated by their acts and/or omissions. here.

By their acts, omissions, customs, and policies, each Respondent acting in concert/conspiracy, as described above, violated Gailey's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.    The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    d.    The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    e.    The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    f.    The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    g.    The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.